# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ADOLFO DUENAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TRENT ALLEN,<br><br>　　　　Respondent. | Case No. 1:24-cv-00335-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |

　　　　Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

　　　　A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

1  providing the highest state court with a full and fair opportunity to consider each claim before
2  presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.
3  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

4       If Petitioner has not sought relief in the California Supreme Court, the Court cannot
5  proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). The Court must dismiss without
6  prejudice a "mixed" petition containing both exhausted and unexhausted claims to give a
7  petitioner an opportunity to exhaust the claims if he can do so. See Lundy, 455 U.S. at 522.
8  However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with
9  the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict
10 courts must provide habeas litigants with the opportunity to amend their mixed petitions by
11 striking unexhausted claims as an alternative to suffering dismissal.").[1] A petitioner may also
12 move to withdraw the entire petition and return to federal court when he has finally exhausted his
13 state court remedies.[2]

14      Additionally, a petitioner may also move to stay and hold in abeyance the petition while
15 he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v.
16 Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002). Under Rhines, "stay and abeyance" is available
17 only in limited circumstances, and only when: (1) there is "good cause" for the failure to
18 exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not
19 intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78.

20      Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to
21 delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted
22 petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state
23 court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court,
24 the petitioner may return to federal court and amend his federal petition to include the newly-

---

[1] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

[2] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

Here, Ground One (sufficiency of evidence) was raised on direct appeal. (ECF No. 1 at 5–6; ECF No. 1-1.[3]) However, the petition states that Grounds Two through Four were not raised on direct appeal nor in any post-conviction collateral motion/petition. (ECF No. 1 at 7–10.) It also appears that Ground Five may not be exhausted. (Id. at 13.) The petition further states that other than a direct appeal, Petitioner did not previously file any petitions, applications, or motions. (Id. at 2).

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state judicial remedies.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **April 8, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[3] Page numbers refer to the ECF pagination stamped at the top of the page.