# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ADOLFO DUENAS,<br><br>    Petitioner,<br><br>    v.<br><br>TRENT ALLEN,<br><br>    Respondent. | Case No. 1:24-cv-00335-SAB-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 6)<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE SECOND AMENDED PETITION |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

**A. Order to Show Cause**

On April 8, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed because Grounds Two through Five were unexhausted. (ECF No. 6.) In lieu of filing a response to the order to show cause, Petitioner filed a first amended petition raising only an insufficiency of the evidence claim, which has been exhausted. (ECF No. 7.) Accordingly, the Court will discharge the April 8, 2024 order to show cause.

///

///

1

**B. Leave to Amend Petition**

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

In his sole claim for relief, Petitioner asserts a claim of "Insufficiency of Evidence to Support the Verdict." (ECF No. 7 at 5.[1]) In support of this claim, the petition merely states: "The evidence presented at Trial was insufficient to support Defendant's conviction of Second Degree Murder of either Victim." (Id.) The petition is devoid of any factual allegations whatsoever. Therefore, the Court will grant Petitioner an opportunity to file a second amended petition. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) ("It may be that [the petitioner's] conclusory averments cannot be factually supported, but a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

**II.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued on April 8, 2024 (ECF No. 6) is DISCHARGED; and

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

2. Petitioner is GRANTED leave to file a second amended petition within **THIRTY (30) days** of the date of service of this order.

IT IS SO ORDERED.

Dated: **June 6, 2024**

UNITED STATES MAGISTRATE JUDGE