# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO ADOLFO DUENAS,<br><br>    Petitioner,<br><br>    v.<br><br>TRENT ALLEN,<br><br>    Respondent. | Case No. 1:24-cv-00335-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE THIRD AMENDED PETITION |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On March 20, 2024, Petitioner commenced the instant action by filing a petition for writ of habeas corpus. (ECF No. 1.) On April 8, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed because Grounds Two through Five were unexhausted. (ECF No. 6.) In lieu of filing a response to the order to show cause, Petitioner filed a first amended petition ("FAP") raising only an insufficiency of the evidence claim, which had been exhausted. (ECF No. 7.)

On June 7, 2024, the Court granted Petitioner leave to file a second amended petition ("SAP") because in support of the sole claim for relief, the FAP merely stated, "The evidence

1 presented at Trial was insufficient to support Defendant's conviction of Second Degree Murder
2 of either Victim," (ECF No. 7 at 5[1]), and was otherwise devoid of any factual allegations. (ECF
3 No. 8.) On July 9, 2024, Petitioner filed the SAP. (ECF No. 11.)

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

In his sole claim for relief, Petitioner asserts a claim of "Insufficiency of Evidence to Support the Verdict." (ECF No. 11 at 6.) In support of this claim, the SAP merely states: "The evidence presented at Trial was insufficient to support Defendant's conviction of Second Degree Murder of either Victim." (Id.) This portion of the SAP is identical to the corresponding portion of the FAP that the Court previously found did not comply with Habeas Rule 2. The only difference with the SAP is that additional arguments and factual allegations have been added regarding the insufficient evidence claim that was raised on direct appeal to the California Court of Appeal. (ECF No. 11 at 2–3.) However, additional factual allegations regarding the claim that was raised on direct appeal to the state court does not remedy the deficiency the Court previously identified—i.e., the lack of factual support for the claim that Petitioner *now* raises in the *instant*

---
[1] Page numbers refer to ECF page numbers stamped at the top of the page.

*federal petition*. The SAP is devoid of any factual allegations to support Ground One. (ECF No. 11 at 6.) "The relaxed pleading standard we afford pro se litigants does not apply to counseled filings." Young v. Hawaii, 992 F.3d 765, 780 (9th Cir. 2021), vacated on other grounds, 142 S. Ct. 2895, 213 L. Ed. 2d 1108 (2022). See Davis v. Silva, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) ("More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded.'" (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam))).

The Court will grant Petitioner one final opportunity to amend the petition to address the deficiency identified above. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) ("It may be that [the petitioner's] conclusory averments cannot be factually supported, but a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."). Petitioner is forewarned that failure to adequately address the deficiency in the amended petition will result in a recommendation that this action be dismissed.

### III.
### ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner is GRANTED leave to file a third amended petition within **THIRTY (30) days** of the date of service of this order.

IT IS SO ORDERED.

Dated:   **July 9, 2024**

UNITED STATES MAGISTRATE JUDGE

3